UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIRGAS USA, LLC<br>1701 East Race Street<br>Allentown, PA 18109<br>                      **Plaintiff,**<br><br>   v.<br><br>TEAMSTERS LOCAL 773<br>3614 Lehigh Street<br>Whitehall, PA 18052<br><br>and<br><br>INTERNATIONAL BROTHERHOOD<br>OF TEAMSTERS<br>25 Louisiana Avenue, NW<br>Washington, DC 20001<br><br>                      **Defendants.** | CIVIL ACTION NO.:<br>_____<br><br>COMPLAINT |

**COMPLAINT FOR BREACH OF CONTRACT BASED ON DEFENDANTS'
VIOLATION OF COLLECTIVE BARGAINING AGREEMENT**

Plaintiff Airgas USA, LLC ("Airgas" or "Plaintiff"), by its counsel, Morgan Lewis & Bockius, LLP, brings this Complaint and alleges as follows:

**I.    SUMMARY OF THE ACTION**

1. This is an action for breach of contract under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, committed by Defendants and Teamsters Local 773 ("Local 773") and the International Brotherhood of Teamsters ("IBT") (collectively referred to herein as "Defendants" or "the Union").

2. By this action, Plaintiff: (i) seeks a declaration that the Defendants may not continue to instigate, promote, cause, sponsor, condone, permit, or encourage Airgas employees to engage in a strike or other interference with Airgas's operations; and (ii) seeks monetary

damages from Defendants for the substantial economic harm caused by Local 773's breach of its labor contract with Airgas.

3. Plaintiff and Local 773 are parties to a collective bargaining agreement ("CBA"), entered into as of April 9, 2022, with an expiration date of April 8, 2026.

4. The CBA includes a no strike clause in Article 13, which prohibits Local 773 from instigating, promoting, causing, sponsoring, condoning, permitting or encouraging a strike or other interference with the Plaintiff's operations during the term of the CBA.

5. Local 773, acting in concert with the IBT, instigated, promoted, caused, sponsored, condoned and permitted strikes at Plaintiff's Allentown facility, located at 1701 East Race Street, Allentown, PA 18109 (the "Allentown facility") and incentivized and encouraged employees to participate in that strike in violation of Article 13 of the CBA.

6. As a result of Defendants' breaches of the CBA, Plaintiff has incurred additional costs in order to ensure the timely and orderly delivery of its products to its customers, including to medical facilities that use Plaintiff's products in order to operate on and care for patients, causing damages in excess of $200,000 to date.

7. Despite Plaintiff's efforts to communicate with Local 773 about its breach of the CBA, Local 773, acting in concert with the IBT, has continued to engage in violations of the CBA.

II. **THE PARTIES**

8. Plaintiff is a corporation headquartered in Radnor, Pennsylvania and incorporated in the State of Delaware. Plaintiff is a leading U.S. supplier of industrial, medical and specialty gases, and is an employer in an industry affecting commerce within the meaning of Section 301

of the LMRA, and the definitions contained in Sections 2(2) and 501(1) and (3) of the LMRA, 29 U.S.C. § 152(2) and 29 U.S.C. § 142(1) & (3).

9. Defendant IBT is a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(5) & 185.

10. Defendant Local 773 is a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(5) & 185. Local 773 is the duly certified, exclusive bargaining representative for Plaintiff's employees at the Allentown facility.

### III.  JURISDICTION AND VENUE

11. This is an action between an employer and labor organizations representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

12. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and because Local 773 maintains its principal office and place of business in Whitehall Township, Pennsylvania.

### IV.  THE COLLECTIVE BARGAINING AGREEMENT

13. Plaintiff and Local 773 are parties to a valid and enforceable CBA, which is effective from April 9, 2022 until April 8, 2026.

14. Article 13 of the CBA provides, in relevant part:

> **Section 1 - No Strike, No Lock Out**: Under no circumstances will the Union or employees engage in, instigate, promote, cause, sponsor, condone, permit, encourage, or take part in any strike, slowdown, sympathy strike, jurisdictional strike, withholding of services, work

stoppage, picket, curtailment of work, reduction of production, or interference of any kind with the operations of the Employer during the term of this Agreement. The Employer agrees not to conduct a lockout of its employees during the term of this Agreement.

**Section 2 - Pickets**: Aside from any other language in this Agreement to the contrary, it shall not be a violation of this Agreement, and it shall not be cause for discharge, disciplinary action, or permanent or temporary replacement in the event an employee refuses to enter upon any property involved in a primary labor dispute or refuses to go through or work behind any primary line, including the primary picket line of the Union party to this Agreement and including primary picket lines at the Employer's places of business. Furthermore, the Employer shall not direct any employee to cross a primary picket line.

## V.   THE STRIKE AT THE LINCOLN PARK, NJ FACILITY

15.     IBT Local 701 represents workers at Plaintiff's Lincoln Park, NJ facility, located at One Frassetta Way, Suite D, Lincoln Park, New Jersey 07035 (the "Lincoln Park facility").

16.     Plaintiff was a party to a CBA with Local 701 which was in effect from May 1, 2022 through April 30, 2025.

17.     Plaintiff and Local 701 began negotiating a successor CBA in March 2025 and after several bargaining sessions, and after a brief extension of the contract until May 21, 2025, no agreement was reached prior to the expiration of the CBA.

18.     On June 2, 2025, Local 701 went on strike, and is currently still on strike.

## VI.   DEFENDANTS EXTENDED PICKET LINES FROM THE LINCOLN PARK FACILITY AND OTHER FACILITIES TO THE ALLENTOWN FACILITY

19.     On June 25, 2025 picketers were seen outside of Plaintiff's Allentown facility, holding signs that said "strike" and "Local 701." Plaintiff's employees at the Allentown facility refused to cross the picket line and did not appear for work. The picket line ceased on June 28, 2025.

20. The picket line in front of the Allentown facility returned on July 8, 2025, and once again Plaintiff's employees at the Allentown facility refused to cross the picket line and did not appear for work. The picketers were once again holding signs that said "strike" and "Local 701."

21. On July 9, 2025 Plaintiff sent a letter reminding Local 773 of its obligations under the CBA, and requesting information about the ongoing picketing and the Union's involvement in the picketing.

22. After the letter was sent to Local 773, employees crossed the picket line on July 9 and 10. The picket line ceased on July 12, 2025.

23. Local 773 responded to Plaintiff's July 9, 2025 letter, via email on July 14, 2025. Local 773 stated that it did not "encourage, request, or instruct employees not to cross the picket line" but, instead, "advised members of their rights" and asserted that "some members chose to exercise their rights" not to cross the picket line. Local 773 went on to say that it "has no specific information confirming the origin of the pickets at the Employer's Allentown facility" but stated "upon information and belief, the pickets honored by the individual employees at the Employer's Allentown Facility consistent with Article 13 of the CBA originated from Cleveland, OH or North Brunswick Township, NJ."

24. On July 22, 2025 the IBT publicly communicated that "[t]he Teamsters have expanded their nationwide strike against Airgas," from facilities in North Brunswick, New Jersey and Cleveland, Ohio to locations in other states, including Pennsylvania. The IBT stated that Airgas is "facing a major disruption to its operations" as a result of these actions.

25.     Also on July 22, 2025, a picket line returned in front of the Allentown facility, and Plaintiff's employees at the Allentown facility refused to cross the picket line and did not appear for work.

### VII. DEFENDANTS ENCOURAGED AND INCENTIVIZED ALLENTOWN EMPLOYEES TO ENGAGE IN WORK STOPPAGES

26.     Before the initial picket line at the Allentown facility was established, Local 773's shop steward, Joe Swanson, warned employees that a picket line could appear outside the facility and that the picket line will work only if everyone participates.

27.     Mr. Swanson informed employees that they should drive by the picket line and call Airgas to say that they would not cross the picket line.

28.     The Union informed employees at the Allentown facility that they should not talk about anything the Union was telling them about the picket line.

29.     The Union is paying employees up to $1,000 per week if they do not cross a picket line.

30.     The Union's actions violated Article 13 of the CBA.

### VIII. PLAINTIFF INCURRED DAMAGES AS A RESULT OF DEFENDANTS' BREACHES OF THE CBA

31.     In order to continue to provide Plaintiff's customers with continuous service, including medical facilities that require Plaintiff's products in order to operate on and care for patients, Plaintiff has incurred additional costs in order to continue operating and delivering its products during the strikes.

32.     These additional costs exceed $200,000 to date, and the damages are likely to be substantially greater if the Union continues to breach the CBA.

33.     These damages were incurred because of the Union's breaches of the CBA.

## COUNT ONE:
## DECLARATORY JUDGMENT

34. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-33 above.

35. By the actions described above, Local 773, acting in concert with the IBT, has violated Article 13 of the CBA.

36. Plaintiff requests the Court issue a declaratory judgment that Defendants' actions to instigate, promote, cause, sponsor, condone, permit, and/or encourage strikes, picketing, work stoppages, and/or interferences with operations at the Allentown facility are in violation of Article 13 of the CBA.

## COUNT TWO:
## DAMAGES FOR BREACH OF CONTRACT

37. The Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-33 above.

38. The CBA is a valid and enforceable contract.

39. By the actions described above, Local 773, acting in concert with the IBT, has violated Article 13 of the CBA.

40. Plaintiff has suffered damages in excess of $200,000 as a result of Defendants' violations of Article 13 of the CBA, and the damages are likely to be substantially greater if the Union continues to breach the CBA.

WHEREFORE, Plaintiff prays:

1. That this Court issue a declaratory judgment that Defendants, by their acts and conduct, have breached Article 13 of the CBA;

2. That this Court award Plaintiff monetary damages caused by Defendants' breaches of the CBA in the amount of all costs incurred by Plaintiff as a result of Defendants' breaches,

3. That this Court award Plaintiff's reasonable attorney's fees and costs incurred in bringing this action;

4. That this Court grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: July 24, 2025

    Respectfully submitted,

    MORGAN, LEWIS & BOCKIUS LLP
    /s/ *Michael J. Puma*
    Michael J. Puma, PA Bar No. 94463
    Catherine S. Houseman, PA Bar No. 328740
    2222 Market Street
    Philadelphia, PA 19103-3007
    Telephone:  215-963-5305
    Facsimile:  215-963-5001
    michael.puma@morganlewis.com
    cait.houseman@morganlewis.com

    *Attorneys for Plaintiff*
    *Airgas USA, LLC*

## **LOCAL CIVIL RULE 53.2 CERTIFICATION**

     I, Michael J. Puma, counsel for Plaintiff Airgas USA, LLC, hereby certify pursuant to Local Civil Rule 53.2, Section 3(C), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs.

Dated: July 24, 2025

                                                                                  */s/ Michael J. Puma*
                                                                                  Michael J. Puma